U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT
APR 11 2013
TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

VESTER JOHNSON

versus

CIVIL ACTION NO. 12-2997
JUDGE TOM STAGG

BURL CAIN, WARDEN

## MEMORANDUM ORDER

Before the court is Vester Johnson's ("Johnson") appeal of Magistrate Judge Mark Hornsby's order (Record Document 10) denying Johnson's motion to stay and hold in abeyance his petition under 28 U.S.C. § 2254 (Record Document 9). Based on the following, Magistrate Hornsby's order is **AFFIRMED**.

On March 13, 2013, Johnson filed a motion seeking a stay of his section 2254 petition so that he could exhaust his state court remedies. See Record Document 9. Magistrate Hornsby denied the motion, and Johnson timely appealed to this court. See Record Documents 10 and 11.

Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1. On appeal, the district judge may "set aside any portion of the order

that is clearly erroneous or contrary to the law." Fed. R. Civ. Proc. 72(a). The decision by Magistrate Judge Hornsby to deny Johnson's motion is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. See Maisonville v. F2 America, Inc., 902 F.2d 746, 747-748 (9th Cir. 1990) ("[S]ection 636(b)(1)(A) lists those motions which may not be determined by a magistrate. Accordingly, any motion not listed, nor analogous to a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine"). The magistrate judge's March 14, 2013, ruling is not a recommendation to the district court, which normally requires de novo review under Rule 72. Rather, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A).

The order issued by Magistrate Judge Hornsby denying Johnson's motion accurately stated that Johnson's request for a stay would leave the matter pending for an unknown period of time. See Record Document 10. In addition, Johnson has not met his burden of showing good cause.

> Staying a federal habeas petition frustrates [the] AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines [the] AEDPA's goal of

> streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1534 (2005).

Magistrate Judge Hornsby's ruling is not clearly erroneous or contrary to law.

Accordingly, Magistrate Judge Hornsby's order (Record Document 10) is **AFFIRMED.**

**THUS DONE AND SIGNED** at Shreveport, Louisiana this the 10th day of April, 2013.

JUDGE TOM STAGG

3